UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| STANLEY BROWN,<br>    Petitioner, | Case No. 1:16-cv-647 |
| | Dlott, J. |
| vs. | Bowman, M.J. |
| WARDEN, PICKAWAY<br>CORRECTIONAL INSTITUTION,[1]<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

      On August 16, 2016, the District Court denied the *in forma pauperis* application filed by the *pro se* petitioner in this action brought pursuant to 28 U.S.C. § 2254. (*See* Doc. 4; *see also* Docs. 1, 3). In the August 16, 2016 Order, petitioner was directed "to pay the **full filing fee of $5.00** within **thirty (30) days** of the date of this Order." (Doc. 4) (emphasis in original). Petitioner was also informed that "if he fails to pay the $5.00 filing fee within the requisite 30-day period, this case will be closed on the Court's docket." (*Id.*). On September 12, 2016, petitioner filed a notice notifying the Court of his change in address from Southeastern Correctional Complex, where he was previously incarcerated, to Pickaway Correctional Institution (PCI) in Orient, Ohio. (Doc. 5). In that pleading, petitioner also informed the Court that "he is currently having the cashier's office at [PCI] forward a $5.00 check to the clerk's office for payment of the filing fee[] due in this habeas corpus action . . . on Sept 17." (*Id.*).

---

[1] In the petition, petitioner properly named the Warden of Southeastern Correctional Complex (SCC) as respondent because petitioner was confined at SCC at the time the action commenced. (*See* Doc. 1). On September 12, 2016, petitioner filed a notice informing the Court that he was transferred to and currently resides at the Pickaway Correctional Institution (PCI) in Orient, Ohio. (*See* Doc. 5). Because it thus appears that petitioner is now in the custody of PCI's Warden, the caption of the case is hereby changed to reflect that the Warden of PCI is the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

However, to date, despite petitioner's assurances to the contrary, the Court has yet to receive the $5.00 filing fee required to commence this action.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.  *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.   Petitioner has not complied with the District Court's August 16, 2016 Order because he has not paid the $5.00 filing fee by the deadline date set in that order.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

s/Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STANLEY BROWN,  
    Petitioner,

vs.

WARDEN, PICKAWAY CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:16-cv-647

Dlott, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc